UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| In re:<br><br>**Lawrence Stephen Lindsay**<br>**Deborah Johnson Lindsay**<br><br><br>SSN: xxx-xx-4006           **Debtor(s).**<br>SSN: xxx-xx-9273 | CASE NO:  14-02885-hb<br>CHAPTER: 13<br><br>NOTICE OF PLAN MODIFICATION AFTER CONFIRMATION, MOTIONS TO VALUE<br><br>SECURITY, AVOID  JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY  INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE |
|---|---|

I. **NOTICE TO CREDITORS AND PARTIES IN INTEREST**: The above-captioned debtor[1] proposed a chapter 13 plan and motions that were previously confirmed by this court; debtor now moves, pursuant to 11 U.S.C. § 1329(a),  Fed. R. Bankr. P. 3015(g) and Fed. R. Bank. P. 2002(a)(5), to **modify the plan as follows**:
     The plan is modified to surrender a  2009 Nissan Rogue to creditor Ally Financial.   The vehicle is in need of significant repairs and the debtors cannot afford to pay for the needed repairs.   The debtors spent a significant amount on medical expenses for their son in 2015 which resulted in the debtors becoming delinquent on their mortgage payment, plan payment and other household expenses.  The plan is modified to lower the plan base and to restructure the monthly plan payments, including three payments of $0.00 per month.  The debtors are informed and believe the change in their financial circumstances and the condition of the vehicle justifies the filing and modification of the chapter 13 plan.

This modification to the chapter 13 plan and motions may affect your rights. Failure to object may constitute an implied acceptance of and consent to the relief requested.

     A.  ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modifications to the Court's form plan (See exhibits to SC LBR 3015-1 and 3015-2, "SC LBR" refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov) are highlighted by italics. Deletions are noted as "Not Applicable" or by striking through the deleted provisions. If changes to this form or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

     B.  DEADLINE FOR FILING OBJECTIONS, OPPORTUNITY FOR NOTICE AND HEARING ON CONFIRMATION OF MODIFIED CHAPTER 13 PLAN AND MOTIONS: Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-eight (28) days from the date this document is served. Timely objections will be scheduled for hearing and separate notice of such a hearing will be given. If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the modified plan and granting the motions.

**II. MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditor:

---

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

**Advantage Assets II, Inc.**
**Ally Financial**
**1st Franklin Financial**
**Colonial Finance Co., Inc**
**Colonial Finance Co., Inc**
**Credit Central**
**Credit Central**
**OneMain Financial (lien avoidance as to household goods only / valuation as to vehicle only)**
**Regional Finance**
**Regional Finance**
**Republic Finance**
**Southern Finance**

A. <u>Nonpossessory, Nonpurchase-Money Lien:</u>  The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase-money security interest and lien in household goods:

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Total of all other liens | Exemption | Estimated security interest/debt | Security interest Not avoided (see IV(B)(4) below) | Security interest to be avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| **1st Franklin Financial / household goods** | **1,500.00** | **23,514.69** | **1,500.00** | **1,024.00** | **0%** | **100%** |
| **Colonial Finance Co., Inc / household goods** | **1,500.00** | **23,338.69** | **1,500.00** | **1,200.00** | **0%** | **100%** |
| **Colonial Finance Co., Inc / household goods** | **1,500.00** | **22,648.69** | **1,500.00** | **1,890.00** | **0%** | **100%** |
| **Credit Central / household goods** | **1,500.00** | **23,770.69** | **1,500.00** | **768.00** | **0%** | **100%** |
| **Credit Central / household goods** | **1,500.00** | **23,938.69** | **1,500.00** | **600.00** | **0%** | **100%** |
| **OneMain Financial / household goods** | **1,500.00** | **12,250.69** | **1,500.00** | **12,288.00** | **0%** | **100%** |
| **Regional Finance / household goods** | **1,500.00** | **23,338.69** | **1,500.00** | **1,200.00** | **0%** | **100%** |
| **Regional Finance / household goods** | **1,500.00** | **23,938.69** | **1,500.00** | **600.00** | **0%** | **100%** |
| **Republic Finance / household goods** | **1,500.00** | **20,170.00** | **1,500.00** | **4,368.69** | **0%** | **100%** |
| **Southern Finance / household goods** | **1,500.00** | **23,938.69** | **1,500.00** | **600.00** | **0%** | **100%** |

B. <u>Judicial Lien:</u>  The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:[2]

---

[2] For co-owned property, see In re Ware, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-2.

| Name of creditor and description of property securing lien | Estimated judicial lien | Total of all senior/ unavoidable liens | Applicable Exemption and Code Section | Value of the debtor's interest in property | Judicial lien not avoided | Judicial lien avoided |
|---|---|---|---|---|---|---|
| **Advantage Assets II, Inc. / Lot and house located at 108 Sevier Place, Spartanburg County, SC** | 1,390.44 | 96,491.00 | 50,000.00 / S.C. Code Ann. Section 15-41-30(A)(1) | 88,000.00 | 0% | 100% |

    C. <u>Valuation of Security</u>: The debtor moves, in accordance with 11 U.S.C. § 506, to establish the value of a lien as follows:

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Holder and amount of superior liens | Estimate of creditor's claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
|---|---|---|---|---|---|
| **Ally Financial / 2012 Nissan Maxima Sedan 4D S** | 21,975.00 | N/A | 23,505.68 | 21,975.00 | **Any amount in excess of 21,975.00 (estimated at 1,530.68)** |
| **OneMain Financial / 1997 Chevrolet 1500 Pickup Truck** | 1,200.00 | N/A | 12,288.00 | 1,200.00 | **Any amount in excess of 1,200.00 (estimated at 11,088.00)** |

    D. <u>Assumption or Rejection of Executory Contract/Unexpired Lease</u>: The debtor moves for the assumption of the following executory contract and/or unexpired lease. The debtor agrees to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below. Any executory contract or unexpired lease not specifically mentioned is rejected.

| Name of Creditor and lease or contract to be assumed | Amount of regular payment | Estimated amount of Default (state if none) | Cure Provisions for any default paid by (Debtor or trustee) | Regular payments to be paid by Debtor directly to creditor beginning (month/year) |
|---|---|---|---|---|
|  |  |  |  |  |

### III. THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.

    A. <u>Payments from the debtor to the chapter 13 trustee (the "trustee")</u>: The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the debtor will pay to the trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

    The debtor shall pay to the trustee the sum of $**1,150.00** per month for a period of **22** months, the sum of $**0.00** per month for a period of **3** months, and the sum of $**865.00** per month for a period of **35** months, unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.

    B. <u>Payments from the debtor directly to creditors</u>: The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. The debtor may be required to pay some or a portion of pre-petition

debts directly to a creditor in addition to required payments to the trustee, as indicated in paragraph II(D) above and/or in the paragraphs that follow.

**IV. PLAN DISTRIBUTIONS TO CREDITORS.** To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for purposes of plan distributions by the trustee. If a creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payments as follows:

    A. <u>Attorney for the debtor</u>:

    1. The debtor and the debtor's attorney have agreed to an attorney's fee in the amount of $3,500.00 for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $400.00 was paid prior to the filing of the case. The remaining fee shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse $1,000.00 to the attorney from the initial disbursement.[3] Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

    2. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

    B. <u>Secured Creditor Claims</u>: The plan treats secured claims as follows:

    1. <u>General Provisions</u>: The terms of the debtor's pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise. Any funds that would have been paid to any such creditor will be distributed according to the remaining terms of the plan. (The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4)). Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of

---

[3] The chapter 13 trustee shall not at any time disburse to the debtor's attorney more than: (a) the unpaid balance of (1) the fee to be paid under the plan pursuant to paragraph 1 herein, or (2) the fee previously applied for and authorized pursuant to paragraph 2 herein, plus (b) any supplemental fee then applied for and authorized under the terms of the applicable Procedures for Approval of Attorney's Fees in Chapter 13 Cases.

the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may send standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

    2. <u>Long-term or mortgage debt. No default</u>:

The debtor is current on obligations to _____ and will continue regular payments directly to that creditor.  Description of collateral:

    3. <u>Long term or mortgage debt. Curing default: 11 U.S.C. 1322(b)(3) and/or (5)</u>:

    a. Arrearage payments. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court to **Citifinancial Servicing, LLC** at the rate of $**50.00** or more per month, for its claim secured by a first mortgage on lot and house located at 108 Sevier Place, Spartanburg County, South Carolina, along with 0% interest. The creditor shall apply trustee payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in (b) below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee.

    b. Maintenance of regular non-arrearage payments. Beginning **July 2014**, the Debtor shall pay directly to the creditor non-arrearage payments arising under the agreement with the secured creditor. The creditor shall apply each payment under this paragraph solely to post-petition obligations that accrue during or after the month specified herein.

    4. <u>Secured portion of claims altered by valuation and lien avoidance</u>:

The trustee shall pay **Ally Financial** the sum of $**447.00** or more per month along with **5.25%** interest until the secured claim of $**21,975.00** established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.  Collateral description:  2012 Nissan Maxima.

The trustee shall pay **OneMain Financial** the sum of $**23.00** or more per month along with **5.25%** interest until the secured claim of $**1,200.00** established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

    5. <u>Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien)</u>:
The trustee shall pay _____ the sum of $_____ or more per month along with **5.25%** interest until the allowed secured claim is paid in full.  Collateral description:

    6. <u>Surrender of property</u>: The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property:
    **Quantum3 Group, LLC as agent for MOMA Funding LLC**.    Debtors surrender any interest in merchandise purchased from this creditor.

    **Ally Financial / 2009 Nissan Rogue**   ( The trustee has previously paid the sum of $5,577.64 in principal and the sum of $1,421.61 in interest to this creditor.   This creditor will receive no further distribution from the debtor's chapter 13 plan in regard to its secured claim. )

Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

    7. <u>Secured tax debt:</u> The trustee shall pay _____ the sum of $_____ or more per month until the (net balance or value) of creditor's secured claim plus 5% interest has been paid. If the lien is to be valued, the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of

this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee.

C. <u>Priority Creditors:</u> Priority claims shall be paid as follows:

1. <u>Domestic Support Claims</u>. 11 U.S.C. § 507(a)(1):

a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to _____ at the rate of $_____ or more per month until the balance, without interest, is paid in full.

b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1322(a)(2).)

2. <u>Other Priority debt.</u> The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis.

D. <u>Executory Contracts and Unexpired Leases</u>: Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments of the sum of $_____ or more per month by the trustee or the debtor according to paragraph II(D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court.

E. <u>General Unsecured Creditors:</u> General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims. The debtor does not propose to pay 100% of general unsecured claims.

**V. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:** Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

/s/ Lawrence Stephen Lindsay
Lawrence Stephen Lindsay

May 26, 2016

/s/ Deborah Johnson Lindsay
Deborah Johnson Lindsay

/s/ Sharon K. Butler
Sharon K. Butler
Attorney for Debtor(s)
Post Office Box 6974
Spartanburg, SC 29304
(864) 597-0316
(864) 597-0317 fax
District Court I.D. # 6147

**CERTIFICATE OF SERVICE**
**The above signing parties certify that the foregoing Notice of Plan Modification After Confirmation; Amended Plan and Related Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The specific list of the name and addresses of parties served with the plan is attached to the plan filed with the Court.**

Ally Financial
Attn: Officer, Managing or General Agent
P.O. Box 130424
Roseville, MN  55113-0004

C T Corporation System
Registered Agent for Ally Financial, Inc.
2 Office Park Court
Suite 103
Columbia, SC 29223


Via electronic mail:

Gretchen D. Holland, Trustee
20 Roper Corners Circle, Suite C
Greenville, SC  29615

U.S. Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street, Suite 953
Columbia, SC 29201-2448

| | | |
|---|---|---|
| 1st Franklin Financial<br>1735 John B White, Sr Blvd<br>Suite 11<br>Spartanburg SC 29301-5462 | | Advantage Assets II, Inc<br>c/o Trace M Dillon, Attorney<br>Trace Dillon, LLC<br>1130 Hurricane Shoals Road NE<br>Lawrenceville GA 30043-4851 |
| Ally Financial<br>P O Box 380902<br>Minneapolis MN 55438-0902 | Ally Financial serviced by Ally Servicing LL<br>PO Box 130424<br>Roseville, MN 55113-0004 | (p)TRITON MANAGEMENT GROUP<br>P O BOX 241525<br>MONTGOMERY AL 36124-1525 |
| American InfoSource LP as agent for<br>Check N Go<br>PO Box 248838<br>Oklahoma City, OK 73124-8838 | Asset Acceptance Corp<br>P O Box 2036<br>Warren MI 48090-2036 | Business Revenue Systems, Inc<br>P O Box 8986<br>Fort Wayne IN 46898-8986 |
| | Capital One<br>P O Box 30285<br>Salt Lake City UT 84130-0285 | Cardiology Consultants<br>1083 Boiling Springs Road<br>Spartanburg SC 29303-2298 |
| Carolinas Pathology<br>c/o Stern & Associates<br>415 Edgeworth Street, Suite 210<br>Greensboro NC 27401-2071 | Cashwell / CW Internet of SC<br>1010 Wayne Avenue<br>Suite 510<br>Silver Spring MD 20910-5653 | Cavalry SPV I, LLC<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595-1340 |
| Check N Go<br>227 East Blackstock Road<br>Spartanburg SC 29301-2632 | CitiFinancial Servicing LLC<br>P. O. Box 6043<br>Sioux Falls, SD 57117-6043 | Citifinancial<br>605 Munn Road<br>Fort Mill SC 29715-8421 |
| Citifinancial Servicing, LLC<br>6400 Las Colinas Blvd<br>Irving TX 75039-2900 | Colonial Finance Co , Inc<br>544 North Church Street<br>Suite A<br>Spartanburg SC 29303-3053 | Colonial Finance Company<br>544 North Church Street,<br>Suite A & B<br>Spartanburg, SC 29303 |
| Credit Central<br>140 Fernwood Drive<br>Suite 5<br>Spartanburg SC 29307-2200 | Credit Central<br>700 East North Street<br>Suite 15<br>Greenville SC 29601-3013 | Forest Recovery Services, LLC<br>2504 Highway 44 W<br>Suite 2<br>Inverness FL 34453-3717 |
| GE Capital Retail Bank / Care Credit<br>Bankruptcy Department<br>P O Box 103104<br>Roswell GA 30076-9104 | GECRB / Care Credit<br>P O Box 965036<br>Orlando FL 32896-5036 | GEMB / Belk<br>ATTN: Bankruptcy Dept<br>P O Box 103104<br>Roswell GA 30076-9104 |
| GEMB / Belk<br>P O Box 965028<br>Orlando FL 32896-5028 | GENESIS FINANCIAL SERVICES<br>3175 COMMERCIAL AVE STE 201<br>NORTHBROOK IL 60062-1924 | Green Tree Servicing LLC<br>P O Box 6172<br>Rapid City SD 57709-6172 |

Internal Revenue Service
Centralized Insolvency Operations
P O Box 7346
Philadelphia PA 19101-7346


Kay Jewelers
P O Box 3680
Akron OH 44309-3680

Deborah Johnson Lindsay
108 Sevier Place
Spartanburg, SC 29302-4621

Lawrence Stephen Lindsay
108 Sevier Place
Spartanburg, SC 29302-4621


Mary Black Memorial Hospital
1700 Skylyn Drive
Spartanburg SC 29307-1061

Medical Data Systems, Inc
2001 9th Avenue
Suite 312
Vero Beach FL 32960-6413

Midland Credit Management, Inc.
as agent for Asset Acceptance LLC
PO Box 2036
Warren, MI 48090-2036


Mobil Loans, LLC
P O Box 1409
Marksville LA 71351-1409

OneMain Financial
6801 Colwell Blvd
Irving TX 75039-3198

OneMain Financial
PO Box 140489
Irving TX 75014-0489


OneMain Financial, Inc
P.O. Box 6042
Sioux Falls, SD 57117-6042

T. Lowndes Pope
Riley Pope and Laney, LLC
Post Office Box 11412
Columbia, SC 29211-1412

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067


Quantum3 Group LLC as agent for
MOMA Funding LLC
PO Box 788
Kirkland, WA  98083-0788

REGIONAL MANAGEMENT CORPORATION
PO BOX 776
MAULDIN, SC 29662-0776
(864) 546-3404

Real Time Resolutions, Inc as Agent for
CHECK N GO
PO Box 566027
Dallas, TX 75356-6027


Regional Finance
195 A South Converse Street
Spartanburg SC 29306-3243

Republic Finance
2115 East Main Street
Spartanburg SC 29307-1453

(p)REPUBLIC FINANCE LLC
1140 ROMA AVE
HAMMOND LA 70403-5464


Rise Credit
4150 International Plaza
Suite 400
Fort Worth TX 76109-4819

South Carolina Department of Revenue
P O Box 12265
Columbia SC 29211-2265

Southern Finance
435 East Main Street
Suite 3
Spartanburg SC 29302-1965


Spartanburg County Delinquent Tax Office
P O Box 3060
Spartanburg SC 29304-3060

Spartanburg Regional Medical Center
101 East Wood Street
Spartanburg SC 29303-3072

Thomas McCleod, M D
1071 Boiling Springs Road
Spartanburg SC 29303-2201


USA Web Cash
3175 Commercial Avenue
Suite 201
Northbrook IL 60062-1924

Utah Loan Servicing, LLC
283 East Gentile Street
Suite 100
Layton UT 84041-3729